

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-15-00485-CV

**IN THE INTEREST OF B.L.B.**, et al.

From the 81st Judicial District Court, Wilson County, Texas
Trial Court No. 14-02-0060-CVW
Honorable Melissa Uram-Degerolami, Judge Presiding

PER CURIAM

Sitting:  Rebeca C. Martinez, Justice
Patricia O. Alvarez, Justice
Luz Elena D. Chapa, Justice

Delivered and Filed:  September 30, 2015

DISMISSED FOR WANT OF JURISICTION

Appellant Terrell Lynn Bush seeks to appeal from a final order terminating his parental rights.  An appeal from such an order is accelerated.  *See* TEX. FAM. CODE ANN. § 263.405.  The trial court entered the final order of termination on May 13, 2015.  Because this is an accelerated appeal, the notice of appeal was due on June 2, 2015.  *See* TEX. R. APP. P. 26.1(b) (requiring notice of appeal to be filed within twenty days after the judgment is signed in an accelerated appeal; filing of a motion for new trial does not extend the appellate deadline).  A motion for extension of time to file the notice of appeal was therefore due on June 17, 2015.  *See* TEX. R. APP. P. 26.3 (providing a fifteen-day grace period after the deadline for filing notice of appeal).  Appellant filed his notice of appeal on July 31, 2015, well after the deadlines for filing the notice of appeal and motion for extension of time to file the notice of appeal had expired.  *See id.*  Once the period for granting a

motion for extension of time under Rule 26.3 has passed, a party can no longer invoke the appellate court's jurisdiction. *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997).

On August 20, 2015, this court ordered appellant to show cause in writing within thirty days why this appeal should not be dismissed for want of jurisdiction. Appellant responded by letter stating that he did not know the appeal was accelerated. The fact that appellant's notice of appeal was filed late and after expiration of the period for requesting an extension deprives this court of jurisdiction in this matter. *Id.* Accordingly, the appeal must be dismissed for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a).

PER CURIAM